NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEANDRO LIBAN QUINONES
RODRIGUEZ,

            *Petitioner*,

         v.

ARTHUR WILSON, JR., *et al.*,

           *Respondents*.

Civil Action No. 26-cv-05595

**ORDER**

July 9, 2026

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Leandro Liban Quinonez Rodriguez ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention without bond (ECF No. 1); and

**WHEREAS**, Petitioner is a native and citizen of Cuba who entered the United States in or about August 2022 and was thereafter processed by immigration authorities and granted parole into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) and 8 C.F.R. § 235.1(h)(2) on August 11, 2022[1] (*see id.* ¶ 6; ECF No. 9 at 2); and

**WHEREAS**, after being paroled into the United States, Petitioner remained in the United States, during which time he filed an Application for Adjustment of Status (Form I-485) on November 10, 2023, pursuant to the Cuban Adjustment Act of 1966 (*see* ECF No. 1 ¶¶ 1, 7–8); and

---

[1] Respondents initially represented that Petitioner had not been granted parole into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) and 8 C.F.R. § 235.1(h)(2), but rather, released on his own recognizance.  (*See* ECF No. 6 at 2.)

**WHEREAS**, on May 6, 2026, Petitioner alleges he appeared at the Newark, New Jersey ICE office pursuant to a notice requiring his appearance, where he was represented by counsel and underwent a credible fear interview conducted by an asylum officer; after the interview concluded, Petitioner alleges he was instructed to await the asylum officer's determination, but was taken into custody by ICE officers before a determination was issued (*see id.* ¶ 9); and

**WHEREAS**, on May 21, 2026, Respondents filed a Response to the Petition, attaching immigration records, including Forms I-213, a Notice of Removal, a Form I-200, and a Notice to Appear (ECF No. 6); and

**WHEREAS**, on May 23, 2026, Petitioner filed a Reply challenging Respondents' representations concerning the circumstances of his prior release and current detention (ECF No. 7); and

**WHEREAS**, on June 10, 2026, the Court ordered Respondents to provide supplemental documentation addressing the conflicting representations regarding whether Petitioner was released on recognizance or pursuant to parole authority under 8 U.S.C. § 1182(d)(5)(A), and to clarify the statutory basis for Petitioner's current detention (ECF No. 8); and

**WHEREAS**, on June 17, 2026, Respondents filed a supplemental submission with supporting exhibits, including a preliminary parole authorization, an ICE declaration, and an expedited removal order (ECF No. 9); and

**WHEREAS**, Respondents' submission confirmed that Petitioner had been granted parole pursuant to 8 U.S.C. § 1182(d)(5)(A), correcting their prior representation that Petitioner had been released on his own recognizance; Respondents further asserted that Petitioner's parole expired after one year and that, following termination of parole, Petitioner was detained pursuant to 8 U.S.C. § 1225(b)(1) (*id.* at 2); and

2

**WHEREAS**, Respondents further assert that Petitioner is subject to an expedited removal order and that Petitioner refused to sign the order of expedited removal, and that Petitioner was served with a Notice to Appear and placed in removal proceedings (*see id.* at 3); and

**WHEREAS**, Respondents represent that Petitioner's credible fear interview occurred on May 6, 2026, and that the credible fear determination remains pending;[2] accordingly, Petitioner remains detained while awaiting completion of the credible fear process (*see id.*); and

**WHEREAS**, Respondents contend that Petitioner's detention is mandatory pursuant to 8 U.S.C. § 1225(b)(1) (ECF No. 6 at 1–2; ECF No. 9); and

**WHEREAS**, Respondents have not alleged that Petitioner poses a danger to the community or risk of flight (*see* ECF Nos. 6, 9); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), Respondents' submissions (ECF Nos. 6, 9), and Petitioner's Replies (ECF Nos. 7, 10) and resolves the matter on the controlling statutory framework; and

**WHEREAS**, Petitioner is being unlawfully detained under 8 U.S.C. § 1225. However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date. *See, e.g., Demirel v. Fed. Det. Ctr.*

---

[2] Although Respondents have submitted an expedited removal order, the Third Circuit has recognized that such an order does not become administratively final until completion of the credible fear process.  *See Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 424–25 (3d Cir. 2016) (explaining that expedited removal orders became "administratively final" only after petitioners received credible fear interviews and subsequent review).

*Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" *Id.* at 366. The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782(E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual

4

on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

IT IS, on this 9th day of July 2026,

ORDERED that Petitioner's § 2241 Petition (ECF No. 1) is GRANTED; and it is further

ORDERED that Respondents shall RELEASE Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

ORDERED that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

ORDERED that Respondents are ENJOINED from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

ORDERED that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

ORDERED that the Clerk of the Court shall CLOSE this case.

/s/ Jamel K. Semper
HON. JAMEL K. SEMPER
United States District Judge